UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

MARCUS ISAIAH SPEARS,

            Petitioner,

v.

MELISSA ANDREWJESKI,

            Respondent.

CASE NO. 3:22-cv-05898-LK-GJL

REPORT AND RECOMMENDATION

NOTED FOR: September 29, 2023

The District Court has referred this action to United States Magistrate Judge Grady J. Leupold. Petitioner Marcus Isaiah Spears, proceeding *pro se*, filed a federal habeas Petition ("Petition") pursuant to 28 U.S.C. § 2254, seeking relief from a state court conviction. Dkt. 4. The Court concludes the Petition is time-barred and recommends the Petition be **DISMISSED with prejudice**.

**I.    BACKGROUND**

In July 2015, Petitioner faced four counts of child molestation in the first degree in Pierce County Superior Court. *See* Dkt. 47-1, Ex. 6. After plea negotiations, the prosecution agreed to

REPORT AND RECOMMENDATION - 1

dismiss the fourth count of child molestation and recommend a Special Sex Offender Sentencing Alternative ("SSOSA") sentence in exchange for Petitioner's agreement to plead guilty to the remaining three counts of child molestation in the first degree. *Id*. On September 4, 2015, the Pierce County court imposed a SSOSA sentence requiring Petitioner to serve a six month term of imprisonment followed by a term of community custody, rather than imposing a 130-month prison sentence. Dkt. 47-1, Exs. 1 & 2.

In 2016, Petitioner violated the conditions of his community custody. *See* Dkt. 47-1, Exs. 3 & 4. As a result, on July 22, 2016, the Pierce County court imposed a sanction of sixty days of jail confinement. Dkt. 47-1, Ex. 4. The court did not revoke Petitioner's SSOSA sentence, but warned Petitioner that, should he again fail to comply with the conditions of his community custody, the prosecution could seek revocation. *Id*. Thereafter, Petitioner again violated the conditions of his community custody. *See* Dkt. 47-1, Ex. 5.

On October 9, 2020, the Pierce County court entered an order revoking Petitioner's SSOSA sentence and imposing the suspended 130-month term of imprisonment. *Id*. Petitioner had thirty days from October 9, 2020, to file an appeal. *See* RAP 5.2 (notice of direct appeal must be filed within 30 days of entrance of the judgment). Petitioner did not file an appeal, the time for doing so expired, and Petitioner's judgment and sentence became final on November 9, 2020.

Petitioner filed an application for a state collateral attack, a personal restraint petition ("PRP"), on October 18, 2022. Dkt. 47-1, Ex. 9. The Washington Court of Appeals dismissed the PRP as untimely under Washington law. Dkt. 47-1, Ex. 10. Petitioner filed a motion for reconsideration, which the Washington courts construed as a motion for discretionary review in the Washington Supreme Court. *See* Dkt. 47-1, Exs. 11 & 12. The deputy commissioner of the

1  state supreme court denied review, finding the Washington Court of Appeals correctly denied the
2  PRP as untimely under state law. Dkt. 47-1, Ex. 13. Petitioner moved to modify the deputy
3  commissioner's decision. Dkt. 47-1, Exs. 14 & 15 (motion to supplement record). The state
4  supreme court denied the motion to modify and motion to supplement without comment on May
5  3, 2023. Dkt. 47-1, Ex. 16. The Washington Court of Appeals issued a certificate of finality on
6  May 22, 2023.[1] Dkt. 47-1, Ex. 17.

## II. DISCUSSION

Petitioner filed the instant Petition on November 21, 2022. Dkts. 1, 4. The Petition asserts three grounds for relief: (1) the prosecution failed to preserve material evidence; (2) defense counsel provided ineffective assistance; and (3) Petitioner was denied equal protection under the law. Dkt. 4. The Court previously stayed this matter to allow Petitioner to exhaust his state court remedies. Dkt. 19. On June 2, 2023, the Court granted Petitioner's Motion to lift the stay and directed Respondent to file an Answer within 45 days. Dkt. 39. In response to the Petition, Respondent argues Petitioner filed his Petition after the one-year statute of limitations prescribed by the Antiterrorism and Effective Death Penalty Act ("AEDPA"), codified at 28 U.S.C. § 2241 *et seq.*, and further argues Petitioner is not entitled to any form of tolling that would excuse the late filing. Dkt. 46. In his Traverse, Petitioner does not argue his Petition is timely; rather, he continues to argue the merits of his claims. Dkt. 48.

//

//

---

[1] In connection with these state collateral proceedings, Petitioner filed two motions in the Washington Court of Appeals seeking an order compelling his counsel to provide Petitioner with the defense file. *See* Dkt. 47-1, Exs. 18 & 19. The court denied both motions, but ruled Petitioner could seek relief in the trial court. Dkt. 47-1, Exs. 20 & 21. Petitioner filed a motion in the trial court, and after transfer between the trial and appellate courts, the Washington Court of Appeals issued its certificate of finality on May 22, 2023. *See* Dkt. 47-1, Exs. 22–25.

REPORT AND RECOMMENDATION - 3

A.      **Statute of Limitations**

Pursuant to AEDPA, a one-year statute of limitations applies to federal habeas petitions. 28 U.S.C. § 2244(d). Section 2244(d)(1)(A) requires a prisoner to file a habeas petition within one year of "the date on which the [state court] judgment [of conviction] became final by the conclusion of direct review or the expiration of the time for seeking such review." If during the limitations period a "properly filed application for state post-conviction or other collateral review . . . is pending," the one-year period is tolled. 28 U.S.C. § 2244(d)(2); *see Pace v. DiGulielmo*, 544 U.S. 480, 410 (2005).

In state court, a direct review generally concludes and the judgment becomes final either upon the expiration of the time for filing a petition for writ of certiorari with the United States Supreme Court, or when the Supreme Court rules on a timely filed petition for certiorari. *Bowen v. Roe*, 188 F.3d 1157, 1158-59 (9th Cir. 1999). However, direct review terminates earlier where the petitioner does not appeal or seek review by the state's highest court on direct appeal. *Gonzalez v. Thaler*, 565 U.S. 134, 149–50 (2012) (judgment becomes final under § 2244(d)(1)(A) when the time for pursuing direct review expires).

Here, the Pierce County superior court entered an order revoking Petitioner's SSOSA sentence and imposing the suspended prison sentence on October 9, 2020. Dkt. 47-1, Ex. 5. Petitioner had thirty days after that date to seek appellate review with the Washington Court of Appeals. *See* RAP 5.2. Thus, Petitioner had until November 9, 2020, to file a direct appeal, which he either declined or failed to do. *See* Dkts. 4, 46. Therefore, Petitioner's judgment became final on November 9, 2020, and the AEDPA limitations period began to run on November 10, 2020, the day after his conviction became final. *See Corjasso v. Ayers*, 278 F.3d 874, 877 (9th Cir. 2002); *see also Gonzalez*, 565 U.S. at 149–50. The AEDPA limitations period

then ran for 365 days until the period expired on November 10, 2021. Petitioner did not file his federal Petition until November 21, 2022, more than a year after the federal statute of limitations had already expired.

Petitioner is not entitled to statutory tolling for the PRP he filed in state court on October 18, 2022. Dkt. 47-1, Ex. 9. Section 2244(d)(2) allows for tolling when a "properly filed" state collateral attack is pending before the state courts. *See Pace*, 544 U.S. at 410 (noting only a "properly filed" state collateral attack will toll the AEDPA statute of limitations). However, an application for state relief from a conviction "is '*properly* filed' when its delivery and acceptance are in compliance with the applicable laws and rules governing filings." *Artuz v. Bennett*, 531 U.S. 4, 8 (2000) (emphasis in original). A petitioner must observe all the "condition[s] to filing," such as submission of the filing fee and timeliness of the petition, in order for an application for state relief to be "properly filed." *Pace*, 544 U.S. at 413.

Here, Petitioner's PRP was dismissed as untimely by the state supreme court because it was filed outside the state one-year statute of limitations. Dkt. 47-1, Ex. 16. The Supreme Court has clearly stated an application for state post-conviction relief that is dismissed as untimely is not "properly filed" for purposes of § 2244. *Pace*, 544 U.S. at 414 ("When a postconviction petition is untimely under state law, that [is] the end of the matter for purposes of § 2244(d)(2)") (internal quotations omitted). Thus, because Petitioner's PRP was not filed within the state statute of limitations and so was not properly filed, Petitioner is not entitled to statutory tolling for the period in which he pursued that PRP.

As Petitioner did not file the instant Petition within one year of his judgment and sentence becoming final, and Petitioner has not shown he is entitled to statutory tolling for his PRP, the Court finds the federal Petition is untimely.

B.	**Equitable Tolling**

The one-year statute of limitations governing federal habeas petitions is subject to equitable tolling in appropriate circumstances. *Holland v. Florida*, 560 U.S. 631 (2010). The Ninth Circuit has made clear that equitable tolling is justified in very few cases, noting that "the threshold necessary to trigger equitable tolling [under AEDPA] is very high, lest the exceptions swallow the rule." *Miranda v. Castro*, 292 F.3d 1063, 1066 (9th Cir. 2002). The petitioner bears the burden of showing that equitable tolling should be applied. *Id*. at 1065.

In order to receive equitable tolling, a petitioner must show "'(1) that he has been pursuing his rights diligently[;] and (2) that some extraordinary circumstance stood in his way' and prevented timely filing." *Holland*, 560 U.S. at 649 (quoting *Pace*, 544 U.S. at 418). "[T]he requirement that extraordinary circumstances 'stood in his way' suggests that an external force must cause the untimeliness, rather than, as we have said, merely 'oversight, miscalculation or negligence on [the petitioner's] part, all of which would preclude application of equitable tolling.'" *Waldron-Ramsey v. Pacholke*, 556 F.3d 1008, 1011 (9th Cir. 2009) (quoting *Harris v. Carter*, 515 F.3d 1051, 1055 (9th Cir. 2008)). A petitioner must also establish that the extraordinary circumstance itself was—in fact—the reason the federal habeas petition was untimely. *Spitsyn v. Moore*, 345 F.3d 796, 799 (9th Cir. 2003).

Here, while Petitioner makes no reference to any allegations showing he experienced some extraordinary circumstance that prevented the timely filing of his federal Petition, throughout his Petition he states he did not know he had the constitutional right to appeal his sentence in the state courts. *See* Dkt. 4. To the extent Petitioner may be arguing a misunderstanding of the law as it applies to the filing of a federal habeas petition, ignorance of applicable law does not constitute the type of "extraordinary circumstance" that would entitle

Petitioner to equitable tolling. *See Raspberry v. Garcia*, 448 F.3d 1150, 1154 (9th Cir. 2006) (holding that "a *pro se* petitioner's lack of legal sophistication is not, by itself, an extraordinary circumstance"); *Ford v. Pliler*, 590 F.3d 782, 789 (9th Cir. 2009) (observing that the equitable tolling "standard has never been satisfied by a petitioner's confusion or ignorance of the law alone").

Petitioner has not demonstrated he is entitled to equitable tolling. Therefore, the Court finds the Petition is time-barred and Petitioner is not entitled to equitable tolling to avoid the time bar.[2]

### III.    EVIDENTIARY HEARING

The decision to hold an evidentiary hearing is committed to the Court's discretion. *Schriro v. Landrigan*, 550 U.S. 465, 473 (2007). "[A] federal court must consider whether such a hearing could enable an applicant to prove the petition's factual allegations, which, if true, would entitle the applicant to federal habeas relief." *Id.* at 474. In determining whether relief is available under 28 U.S.C. § 2254(d)(1), the Court's review is limited to the record before the state court. *Cullen v. Pinholster*, 563 U.S. 170, 181–82 (2011). A hearing is not required if the allegations would not entitle Petitioner to relief under § 2254(d). *Landrigan*, 550 U.S. at 474. "It follows that if the record refutes the applicant's factual allegations or otherwise precludes habeas relief, a district court is not required to hold an evidentiary hearing." *Id*. Further, the Supreme Court has held that when reviewing a federal habeas petition under 28 U.S.C. § 2254, the federal court may not consider any facts beyond the factual record presented to the state post-conviction

---

[2] Respondent also assert the Petition should be denied because Petitioner failed to properly exhaust his state court remedies and is now procedurally barred in federal court. Dkt. 46 at 9–10. As the Court finds the Petition is time-barred, the Court declines to discuss Respondent's additional argument.

REPORT AND RECOMMENDATION - 7

relief court – unless one of the limited exceptions of 28 U.S.C. § 2254(e)(2) applies. *Shinn v. Ramirez*, 142 S. Ct. 1718, 1734 (2022).

The Court finds it is not necessary to hold an evidentiary hearing in this case because, as discussed in this Report and Recommendation, the Petition may be resolved on the existing state court record.

### IV.    CERTIFICATE OF APPEALABILITY

A petitioner seeking post-conviction relief under 28 U.S.C. § 2254 may appeal a district court's dismissal of the federal habeas petition only after obtaining a certificate of appealability (COA) from a district or circuit judge. *See* 28 U.S.C. § 2253(c). "A certificate of appealability may issue . . . only if the [petitioner] has made a substantial showing of the denial of a constitutional right." *See* 28 U.S.C. § 2253(c)(2). A petitioner satisfies this standard "by demonstrating that jurists of reason could disagree with the district court's resolution of his constitutional claims or that jurists could conclude the issues presented are adequate to deserve encouragement to proceed further." *Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003) (*citing Slack v. McDaniel*, 529 U.S. 473, 484 (2000)).

No jurist of reason could disagree with this Court's evaluation of Petitioner's claims or would conclude the issues presented in the Petition should proceed further. Therefore, the Court concludes Petitioner is not entitled to a certificate of appealability with respect to this Petition.

### V.    CONCLUSION

Petitioner's Petition is untimely as it was filed more than one year after the state court judgment became final. There are no extraordinary circumstances in this case requiring the application of equitable tolling principles. Therefore, the Petition is barred by the one-year limitations period imposed under 28 U.S.C. § 2244(d) and should be **DISMISSED with**

REPORT AND RECOMMENDATION - 8

**prejudice**. No evidentiary hearing is required and a certificate of appealability should be **DENIED**.

Pursuant to 28 U.S.C. § 636(b)(1) and Federal Rule of Civil Procedure 72(b), the parties shall have fourteen (14) days from service of this report to file written objections. *See also* Fed. R. Civ. P. 6. Failure to file objections will result in a waiver of those objections for purposes of *de novo* review by the district judge, *see* 28 U.S.C. § 636(b)(1)(C), and can result in a waiver of those objections for purposes of appeal. *See Thomas v. Arn*, 474 U.S. 140, 142 (1985); *Miranda v. Anchondo*, 684 F.3d 844, 848 (9th Cir. 2012) (citations omitted). Accommodating the time limit imposed by Rule 72(b), the Clerk is directed to set the matter for consideration on September 29, 2023, as noted in the caption.

Dated this 14th day of September, 2023.

Grady J. Leupold
United States Magistrate Judge

REPORT AND RECOMMENDATION - 9