UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| MARCUS ISAIAH SPEARS,<br><br>Petitioner,<br>v.<br><br>MELISSA ANDREWJESKI,<br><br>Respondent. | CASE NO. 3:22-cv-05898-LK<br><br>ORDER ADOPTING REPORT AND RECOMMENDATION |

This matter comes before the Court on the Report and Recommendation ("R&R") of United States Magistrate Judge Grady J. Leupold. Dkt. No. 49. Judge Leupold recommends dismissing pro se Petitioner Marcus Isaiah Spears' federal habeas petition brought pursuant to 28 U.S.C. § 2254. *Id.* at 1. Mr. Spears timely objected to the R&R. Dkt. No. 50. Having reviewed Judge Leupold's recommendations, Mr. Spears' objections, and the balance of the record, the Court adopts the R&R.

### I.   BACKGROUND

Mr. Spears is currently confined at the Coyote Ridge Corrections Center. Dkt. No. 4 at 1. In September 2015, Mr. Spears pleaded guilty in Pierce County Superior Court to three counts of

ORDER ADOPTING REPORT AND RECOMMENDATION - 1

child molestation in the first degree and was sentenced pursuant to a Special Sex Offender Sentencing Alternative ("SSOSA"). Dkt. No. 47-1 at 2–19, 36–45. The sentence imposed included, among other things, six months in jail followed by a term of 124 months of community custody. *Id.* at 7. In July 2016, the court modified Mr. Spears' sentence to impose 60 days of confinement in light of his failure to comply with the terms of his community custody. *Id.* at 24–28. On October 9, 2020, due to ongoing violations, the court revoked Mr. Spears' term of community custody and imposed his 130-month suspended term of imprisonment with credit for time served. *Id.* at 30–32.

Two years later, in October 2022, Mr. Spears filed a personal restraint petition challenging his guilty plea and sentence. *See* Dkt. No. 47-1 at 51–129. The Washington Court of Appeals dismissed Mr. Spears' petition in January 2023 because it was filed more than one year after his sentence became final and he failed to show that his petition fell within the exceptions enumerated under Section 10.73.100 of the Revised Code of Washington. *Id.* at 131–32.[1] Mr. Spears then filed a motion for reconsideration and other submissions which the court of appeals construed as a motion for discretionary review under RAP 16.14(c) and transferred to the Washington Supreme Court. Dkt. No. 47-1 at 134–50, 156. On February 23, 2023, the Washington Supreme Court denied Mr. Spears' motion for discretionary review, and on May 3, 2023, the court denied his subsequent motions to supplement the record and modify its prior ruling. *Id.* at 159–60, 243; *see also id.* at 245 (certificate of finality from Washington Court of Appeals indicating that its January 24, 2023 decision became final on May 3, 2023); Dkt. No. 35 at 3 (same).

Mr. Spears filed this habeas petition on November 21, 2022, claiming that due to ineffective assistance of counsel he did not know he had a right to appeal or file a personal restraint petition, and that his cognitive disabilities and suffering as a victim of child abuse were not

---

[1] As part of Mr. Spears' post-conviction proceedings, the state court also denied Mr. Spears' efforts to compel his trial counsel to produce his case file. *Id.* at 262–80; *see also* Dkt. No. 49 at 3 n.1.

ORDER ADOPTING REPORT AND RECOMMENDATION - 2

properly addressed during his criminal proceedings. *See* Dkt. No. 1; Dkt. No. 4 at 3–15. He also alleges due process violations and that his counsel coerced him to sign his plea agreement. *See* Dkt. No. 4 at 3, 7. After briefly staying this matter, Judge Leupold issued his R&R recommending dismissal with prejudice because the one-year statute of limitations under the Antiterrorism and Effective Death Penalty Act ("AEDPA") expired for Mr. Spears on November 10, 2021, and therefore his petition is time-barred. Dkt. No. 49 at 4–5, 8; *see* Dkt. Nos. 19, 39 (Judge Leupold's orders imposing and lifting the stay in this case). Judge Leupold also explained that because Mr. Spears' collateral attacks on his state court proceedings were found to be untimely, they cannot serve as a basis for statutory tolling under 28 U.S.C. § 2244(d)(2). Dkt. No. 49 at 5. Further, Mr. Spears failed to demonstrate the type of extraordinary circumstances necessary to entitle him to equitable tolling. *Id.* at 6–7. The R&R recommends denying an evidentiary hearing and a certificate of appealability. *Id.* at 7–8.[2]

Mr. Spears timely objected to the R&R, stating that he objects to "ALL points," which are "at best '[u]ntenable[.]'" Dkt. No. 50 at 1 (arguing that the R&R "fails to consider the government[']s interest to protect U.S. citizens from unlawful imprisonment"). He outlines two-dozen objections over nine handwritten pages, and also attaches an excerpt of a law review article entitled, "Confronting Child Victims of Sex Abuse: The Unconstitutionality of the Sexual Abuse Hearsay Exception." *See generally id.* at 1–30. Though he does not dispute that his petition was untimely, Mr. Spears avers that his counsel failed to inform him that he had 30 days to appeal his underlying state court proceedings and that he "has just recently discovered, through DUE DILIGENCE, the FACTS supporting [his] claim[.]" *Id.* a 1–2. He also objects to the R&R's "attempt to finally resolve the entire issue (without Judicial review) concerning [his] 'Actual

---

[2] Judge Leupold declined to reach Respondent's exhaustion arguments based on his recommendation that Mr. Spears' petition be dismissed as time-barred. *Id.* at 7 n.2.

ORDER ADOPTING REPORT AND RECOMMENDATION - 3

Innocence,' Based upon [a] Coerced Plea Agreement. And 'Unconstitutional' statute[.]" *Id.* at 4. In addition, Mr. Spears appears to take issue with the R&R's noting that the state courts denied his efforts to compel his prior counsel to provide him with his defense file. *Id.* at 5 (citing Dkt. No. 49 at 3 n.1). With respect to equitable tolling, Mr. Spears claims that his age, lack of legal knowledge, and fear of physical assault in prison due to the nature of his conviction, all warrant tolling the statute of limitations. *Id.* at 8–9.[3]

## II. DISCUSSION

### A. Legal Standards

#### 1. Reviewing the R&R

The Court "shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made," and "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1)(C); *see also* Fed. R. Civ. P. 72(b)(3) (the Court "must determine de novo any part of the magistrate judge's disposition that has been properly objected to."). As the statute and rule suggest, the Court reviews findings and recommendations "*if objection is made*, but not otherwise." *United States v. Reyna-Tapia*, 328 F.3d 1114, 1121 (9th Cir. 2003) (en banc).

#### 2. AEDPA Statute of Limitations

A person in custody pursuant to a state court judgment may petition for a writ of habeas corpus within one year of the latest of the following:

> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

---

[3] On October 18, 2023, Mr. Spears filed a "Motion to Commence Criminal Procedure Fed. R. Crim Pro § 603.02," apparently seeking to initiate criminal proceedings against "the Defendants." Dkt. No. 51 at 1–4; *see id.* at 2 ("It is this Affidavit in effect [sic] an application for an arrest warrant and or summons."). However, "[i]t is well established that private citizens can neither bring a direct criminal action against another person nor can they petition the federal courts to compel the criminal prosecution of another person." *Parsons v. Arizona*, No. CV-13-0718-PHX-RCB, 2013 WL 4804474, at *4 (D. Ariz. Sept. 9, 2013) (citing, *inter alia*, *Martinez v. Ensor*, 958 F.Supp. 515, 518 (D. Colo. 1997) and *Maine v. Taylor*, 477 U.S. 131, 137 (1986)). Accordingly, Mr. Spears' motion is denied.

> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1). Under AEDPA, this one-year statute of limitations is tolled during the time "which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending[.]" 28 U.S.C. § 2244(d)(2); *see Stewart v. Cate*, 757 F.3d 929, 934 (9th Cir. 2014). And because AEDPA's limitations period is not a jurisdictional bar, it may be equitably tolled if a petitioner can show "'(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way' and prevented timely filing." *Holland v. Florida*, 560 U.S. 631, 645, 649 (2010) (quoting *Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005)).

**B.    Mr. Spears' Petition Is Time-Barred**

Mr. Spears does not object to the R&R's conclusion that, absent the application of statutory or equitable tolling, his habeas petition is time-barred. *See generally* Dkt. No. 50. And although his objections simply rehash arguments he made in his petition and reply and do not raise any novel issues that were not addressed by Judge Leupold, the Court independently dismisses his petition.

First, Mr. Spears filed his federal habeas petition on November 21, 2022, more than one year after the AEDPA statute of limitations began to run following the expiration of the period for him to seek direct review on any of his claims. *See* 28 U.S.C. § 2244(d)(1)(A); Dkt. No. 4 at 2 (noting that Mr. Spears did not appeal from the judgment of conviction); *see also Gonzalez v.*

ORDER ADOPTING REPORT AND RECOMMENDATION - 5

*Thaler*, 565 U.S. 134, 150 (2012) (under Section 2244(d)(1)(A), a judgment becomes final when the time for seeking direct review in state court expires). And Mr. Spears does not object to the R&R's conclusion that his subsequent untimely pursuit of post-conviction relief in state court beginning in October 2022 did not toll AEDPA's statute of limitations under Section 2244(d)(2). *See* Dkt. No. 49 at 5; *see also Pace*, 544 U.S. at 417 ("Because the state court rejected petitioner's [state] petition as untimely, it was not 'properly filed,' and he is not entitled to statutory tolling under § 2244(d)(2)."); *Ferguson v. Palmateer*, 321 F.3d 820, 823 (9th Cir. 2003) ("[S]ection 2244(d) does not permit the reinitiation of the limitations period that has ended before the state petition was filed.").

Second, the R&R properly addressed Mr. Spears' arguments regarding equitable tolling. Dkt. No. 49 at 6–7. As Judge Leupold observed, the Ninth Circuit has made clear that "the threshold necessary to trigger equitable tolling under AEDPA is very high, lest the exceptions swallow the rule." *Miranda v. Castro*, 292 F.3d 1063, 1066 (9th Cir. 2002) (cleaned up). A petitioner bears the burden of showing that this "extraordinary" remedy should apply. *Id.* at 1065. As Judge Leupold explained, ignorance of the applicable law generally does not constitute the type of "extraordinary circumstance" that warrants equitable tolling. *Id.* (citing *Rasberry v. Garcia*, 448 F.3d 1150, 1154 (9th Cir. 2006)). Moreover, "[a]n unadorned failure to advise about a limitations period would, at best, be simple negligence" on the part of counsel and does not entitle a petitioner to equitable tolling. *Holemen v. Ryan*, No. CV12-02350-PHX-SRB, 2013 WL 3716603, at *10 (D. Ariz. Jul. 15, 2013); *see also Doe v. Busby*, 661 F.3d 1001, 1012 (9th Cir. 2011) (explaining that when petitioners allege that their attorneys were the cause of the untimeliness, "courts must examine if the claimed failure was one of mere *negligence* by the attorney, such as inadvertently miscalculating a filing deadline in a non-capital case, . . . or a *sufficiently egregious* misdeed like malfeasance or failing to fulfill a basic duty of client representation." (citations omitted)). As a

whole, Mr. Spears' conclusory assertions in his petition, reply, and objections do not show that any extraordinary circumstances stood in his way or prevented him from timely filing his habeas petition, even assuming he acted with reasonable diligence. *See Smith v. Davis*, 953 F.3d 582, 600 (9th Cir. 2020) (en banc) ("[I]t is only when an extraordinary circumstance prevented a petitioner acting with reasonable diligence from making a timely filing that equitable tolling may be the proper remedy."); *see also Mathison v. Obenland*, No. C18-0661-JLR-MAT, 2018 WL 7252943, at *7 (W.D. Wash. Dec. 7, 2018) (denying equitable tolling where petitioner's tolling arguments merely reiterated the substance of his claims for relief and failed to explain why he waited to file a federal habeas petition), *report and recommendation adopted*, 2019 WL 485095 (W.D. Wash. Feb. 7, 2019).

Thus, the Court adopts the R&R's conclusion that equitable tolling does not apply in this case. *See, e.g.*, *Pace*, 544 U.S. at 419 (denying equitable tolling where the petitioner not only "s[a]t on his rights for years *before* he filed his [state] petition, but he also sat on them for five more months *after* his [state] proceedings became final before deciding to seek relief in federal court").

**C.     Evidentiary Hearing**

Mr. Spears does not object to Judge Leupold's recommendation that this matter be decided without an evidentiary hearing. *See* Dkt. No. 49 at 7–8. The Court agrees with Judge Leupold and adopts this portion of the R&R. *See, e.g.*, *Roberts v. Marshall*, 627 F.3d 768, 773 (9th Cir. 2010) (no obligation to hold evidentiary hearing when no extraordinary circumstance caused untimely filing of habeas petition).

**D.     Certificate of Appealability**

Last, Judge Leupold recommends that the Court deny a certificate of appealability because Mr. Spears has not made the required "substantial showing of the denial of a constitutional right." Dkt. No. 49 at 8 (quoting 28 U.S.C. § 2253(c)(2)). "A petitioner satisfies this standard by

demonstrating that jurists of reason could disagree with the district court's resolution of his constitutional claims or that jurists could conclude the issues presented are adequate to deserve encouragement to proceed further." *Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003).

Mr. Spears does not object to this aspect of the R&R, and the Court adopts this recommendation as well because no reasonable jurist would conclude that the issues presented in this petition should proceed further.

### III.  CONCLUSION

For the foregoing reasons, it is hereby ORDERED that:

(1) The Court OVERRULES Mr. Spears' Objections, Dkt. No. 50, and ADOPTS the Report and Recommendation, Dkt. No. 49.

(2) Mr. Spears' petition is DISMISSED with prejudice.

(3) A certificate of appealability is DENIED.

(4) Mr. Spears' Motion to Commence Criminal Procedure, Dkt. No. 51, is DENIED.

(5) The Clerk is directed to send uncertified copies of this Order to Judge Leupold, all counsel of record, and Mr. Spears.

Dated this 31st day of October, 2023.

Lauren King
United States District Judge