1

2

3

4

5

6

7

8

9

10

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

11

MARCUS ISAIAH SPEARS,

CASE NO. 3:22-cv-05898-LK

12

Petitioner,

v.

ORDER DENYING MOTION TO
REOPEN CASE

13

MELISSA ANDREWJESKI,

14

Respondent.

15

16        This matter comes before the Court on pro se Petitioner Marcus Isaiah Spears' Motion to

17    Reopen Case. Dkt. No. 66. Mr. Spears asks the Court to reopen his federal habeas petition pursuant

18    to Federal Rule of Civil Procedure 60(b)(6). *Id.* at 2. For the reasons explained below, the motion

19    is denied.

20                                    **I.    BACKGROUND**

21        Mr. Spears is currently confined at the Coyote Ridge Corrections Center. Dkt. No. 4 at 1.

22    In September 2015, Mr. Spears pleaded guilty in Pierce County Superior Court to three counts of

23    child molestation in the first degree and was sentenced pursuant to a Special Sex Offender

24    Sentencing Alternative ("SSOSA"). Dkt. No. 47-1 at 2–19, 36–45. The sentence imposed included,

ORDER DENYING MOTION TO REOPEN CASE - 1

1    among other things, six months in jail followed by a term of 124 months of community custody.

2    *Id.* at 7. In July 2016, the court modified Mr. Spears' sentence to impose 60 days of confinement

3    in light of his failure to comply with the terms of his community custody. *Id.* at 24–28. On October

4    9, 2020, due to ongoing violations, the court revoked Mr. Spears' term of community custody and

5    imposed a 130-month suspended term of imprisonment with credit for time served. *Id.* at 30–32.

6        Two years later, in October 2022, Mr. Spears filed a personal restraint petition challenging

7    his guilty plea and sentence. *See* Dkt. No. 47-1 at 51–129. The Washington Court of Appeals

8    dismissed his petition in January 2023 because it was filed more than one year after his sentence

9    became final and he failed to show that his petition fell within the exceptions enumerated under

10    Section 10.73.100 of the Revised Code of Washington. *Id.* at 131–32.[1] Mr. Spears then filed a

11    motion for reconsideration and other submissions which the court of appeals construed as a motion

12    for discretionary review under RAP 16.14(c) and transferred to the Washington Supreme Court.

13    Dkt. No. 47-1 at 134–50, 156. On February 23, 2023, the Washington Supreme Court denied Mr.

14    Spears' motion for discretionary review, and on May 3, 2023, the court denied his subsequent

15    motions to supplement the record and modify its prior ruling. *Id.* at 159–60, 243; *see also id.* at

16    245 (certificate of finality from Washington Court of Appeals indicating that its January 24, 2023

17    decision became final on May 3, 2023); Dkt. No. 35 at 3 (same).

18        Mr. Spears filed a habeas petition in this Court on November 21, 2022, claiming that due

19    to ineffective assistance of counsel he did not know he had a right to appeal or file a personal

20    restraint petition, and that his cognitive disabilities and suffering as a victim of child abuse were

21    not properly addressed during his criminal proceedings. *See* Dkt. No. 1; Dkt. No. 4 at 3–15. He

22    also alleged due process violations and that his counsel coerced him to sign his plea agreement.

23

24    [1] As part of Mr. Spears' post-conviction proceedings, the state court also denied Mr. Spears' efforts to compel his trial counsel to produce his case file. *Id.* at 262–80; *see also* Dkt. No. 49 at 3 n.1.

ORDER DENYING MOTION TO REOPEN CASE - 2

1   *See* Dkt. No. 4 at 3, 7. Judge Leupold issued an R&R recommending dismissal with prejudice

2   because the one-year statute of limitations under the Antiterrorism and Effective Death Penalty

3   Act ("AEDPA") expired for Mr. Spears on November 10, 2021, and therefore his petition was

4   time-barred. Dkt. No. 49 at 4–5, 8; *see* Dkt. Nos. 19, 39 (Judge Leupold's orders imposing and

5   lifting the stay in this case). The R&R also recommended denying an evidentiary hearing and a

6   certificate of appealability. *Id.* at 7–8.[2] Mr. Spears did not object to the R&R's conclusion that,

7   absent the application of statutory or equitable tolling, his habeas petition was time-barred. Dkt.

8   No. 50; Dkt. No. 52 at 6.

9         On October 31, 2023, this Court adopted the R&R, overruled Mr. Spears' objections to it,

10   and independently determined that his petition was time-barred:

11         First, Mr. Spears filed his federal habeas petition on November 21, 2022, more than
          one year after the AEDPA statute of limitations began to run following the
12         expiration of the period for him to seek direct review on any of his claims. *See* 28
          U.S.C. § 2244(d)(1)(A); Dkt. No. 4 at 2 (noting that Mr. Spears did not appeal from
13         the judgment of conviction); *see also Gonzalez v. Thaler*, 565 U.S. 134, 150 (2012)
          (under Section 2244(d)(1)(A), a judgment becomes final when the time for seeking
14         direct review in state court expires). And Mr. Spears does not object to the R&R's
          conclusion that his subsequent untimely pursuit of post-conviction relief in state
15         court beginning in October 2022 did not toll AEDPA's statute of limitations under
          Section 2244(d)(2). *See* Dkt. No. 49 at 5; *see also Pace*, 544 U.S. at 417 ("Because
16         the state court rejected petitioner's [state] petition as untimely, it was not 'properly
          filed,' and he is not entitled to statutory tolling under § 2244(d)(2)."); *Ferguson v.*
17         *Palmateer*, 321 F.3d 820, 823 (9th Cir. 2003) ("[S]ection 2244(d) does not permit
          the reinitiation of the limitations period that has ended before the state petition was
18         filed.").

19         Second, the R&R properly addressed Mr. Spears' arguments regarding equitable
          tolling. Dkt. No. 49 at 6–7. As Judge Leupold observed, the Ninth Circuit has made
20         clear that "the threshold necessary to trigger equitable tolling under AEDPA is very
          high, lest the exceptions swallow the rule." *Miranda v. Castro*, 292 F.3d 1063, 1066
21         (9th Cir. 2002) (cleaned up). A petitioner bears the burden of showing that this
          "extraordinary" remedy should apply. *Id.* at 1065. As Judge Leupold explained,
22         ignorance of the applicable law generally does not constitute the type of
          "extraordinary circumstance" that warrants equitable tolling. *Id.* (citing *Rasberry v.*

23

24   [2] Judge Leupold declined to reach Respondent's exhaustion arguments based on his recommendation that Mr. Spears'
  petition be dismissed as time-barred. *Id.* at 7 n.2.

ORDER DENYING MOTION TO REOPEN CASE - 3

*Garcia*, 448 F.3d 1150, 1154 (9th Cir. 2006)). Moreover, "[a]n unadorned failure to advise about a limitations period would, at best, be simple negligence" on the part of counsel and does not entitle a petitioner to equitable tolling. *Holemen v. Ryan*, No. CV12-02350-PHX-SRB, 2013 WL 3716603, at *10 (D. Ariz. Jul. 15, 2013); *see also Doe v. Busby*, 661 F.3d 1001, 1012 (9th Cir. 2011) (explaining that when petitioners allege that their attorneys were the cause of the untimeliness, "courts must examine if the claimed failure was one of mere *negligence* by the attorney, such as inadvertently miscalculating a filing deadline in a non-capital case, . . . or a *sufficiently egregious* misdeed like malfeasance or failing to fulfill a basic duty of client representation." (citations omitted)). As a whole, Mr. Spears' conclusory assertions in his petition, reply, and objections do not show that any extraordinary circumstances stood in his way or prevented him from timely filing his habeas petition, even assuming he acted with reasonable diligence. *See Smith v. Davis*, 953 F.3d 582, 600 (9th Cir. 2020) (en banc) ("[I]t is only when an extraordinary circumstance prevented a petitioner acting with reasonable diligence from making a timely filing that equitable tolling may be the proper remedy."); *see also Mathison v. Obenland*, No. C18-0661-JLR-MAT, 2018 WL 7252943, at *7 (W.D. Wash. Dec. 7, 2018) (denying equitable tolling where petitioner's tolling arguments merely reiterated the substance of his claims for relief and failed to explain why he waited to file a federal habeas petition), *report and recommendation adopted*, 2019 WL 485095 (W.D. Wash. Feb. 7, 2019).

Dkt. No. 52 at 5–7. Mr. Spears did not object to Judge Leupold's recommendations that the matter be decided without an evidentiary hearing and that the Court deny a certificate of appealability. *See* Dkt. No. 49 at 7–8; Dkt. No. 50; Dkt. No. 52 at 7–8. The Court agreed with Judge Leupold that (1) it was not necessary to hold an evidentiary hearing because the petition could be resolved on the existing state court record, and (2) a certification of appealability was not warranted because Mr. Spears had not demonstrated that jurists of reason could disagree with the district court's resolution of his constitutional claims or that jurists could conclude the issues presented were adequate to deserve encouragement to proceed further. Dkt. No. 49 at 7–8; Dkt. No. 52 at 7–8.

Mr. Spears then sought a certificate of appealability from the Ninth Circuit. His request was denied on September 13, 2024. Dkt. No. 65 at 1 ("[A]ppellant has not shown that 'jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling.'" (quoting *Slack v. McDaniel*, 529 U.S. 473, 484 (2000))).

ORDER DENYING MOTION TO REOPEN CASE - 4

1    On October 10, 2024, Mr. Spears filed a motion "To Attack Integrity of Proceedings

2    'Reopen Habeas corpus case' pursuant to Rule 60(B)(6)." Dkt. No. 66.

3                                    **II.    DISCUSSION**

4    Mr. Spears argues that the Court failed to (1) review "the Answer, any Transcrip[t]s and

5    records of state court proceedings, and any materials submitted under Rule 7 to determine whether

6    an evidentiary hearing is warranted"; (2) "review the claims submitted to determine whether the

7    State Court's ruling on the issues was the result of unreasonable factual findings or an unreasonable

8    application of Federal Pursuant to: 28 U.S.C. § 2254(d)(i) 'AND' the AEDPA, Rule '8'";

9    (3) conduct an evidentiary hearing; and (4) appoint him an attorney. Dkt. No. 66 at 4–7. He argues

10   that these failures violated his rights to Due Process and Equal Protection under the under the

11   Fourteenth Amendment's Due Process and Equal Protection Clauses, as well as his First

12   Amendment rights. *Id.* at 4–6.

13   Rule 60 allows the Court to provide relief from a final judgment, order, or proceeding for

14   the following reasons: (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly

15   discovered evidence that, with reasonable diligence, could not have been discovered in time to

16   move for a new trial under Rule 59(b); (3) fraud (whether previously called intrinsic or extrinsic),

17   misrepresentation, or misconduct by an opposing party; (4) the judgment is void; (5) the judgment

18   has been satisfied, released or discharged; it is based on an earlier judgment that has been reversed

19   or vacated; or applying it prospectively is no longer equitable; or (6) any other reason that justifies

20   relief. Fed. R. Civ. P. 60(b).

21   The Supreme Court discussed the relationship between Rule 60(b) and 28 U.S.C. §§ 2254

22   and 2241 in *Gonzalez v. Crosby*, 545 U.S. 524 (2005). There, the Court explained that the Rules

23   of Civil Procedure apply to habeas corpus proceedings only to the extent they are not inconsistent

24   with applicable federal statutory provisions and rules. *Id.* at 529 (internal citations omitted). When

a petitioner has previously filed a federal habeas claim, 28 U.S.C. § 2244(b)(1)–(3) imposes three requirements on second or successive habeas petitions: (1) any claim adjudicated in a previous petition must be dismissed; (2) any claim not already adjudicated must be dismissed unless it relies on either a new and retroactive rule of constitutional law or new facts showing a high probability of actual innocence; and (3) before the district court may accept a successive petition, the court of appeals must determine that it presents a claim not previously raised that is sufficient to meet Section 2244(b)(2)'s new-rule or actual innocence provisions. *Id.* at 529–30. Failure to meet these requirements deprives the district court of jurisdiction to consider the merits of a second or successive petition under 22 U.S.C. § 2244(b). *United States v. Washington*, 653 F.3d 1057, 1065 (9th Cir. 2011). If a petitioner is asserting a claim that either on its face is a habeas claim, or is similar enough to a habeas claim that failing to subject it to the same requirements would be inconsistent with the statute, he cannot circumvent the "second or successive" requirement that the claim be pre-certified by the court of appeals as falling within an exception to the successive-petition bar. *Gonzalez*, 545 U.S. at 531–532.

The Court also explained that determining whether a Rule 60(b) motion advances one or more claims subject to the second or successive certification requirement generally will be simple. *Id.* at 532. A motion that seeks to add a new ground for relief, or attacks a previous court's resolution on the merits, is barred. *Id.* But if a Rule 60(b) motion attacks not the substance of the federal court's resolution on the merits, but some defect in the integrity of the federal habeas proceedings, the motion is not barred. *Id.* Examples of claims that seek to add or reassert grounds for relief include assertions that excusable neglect resulted in the omission of constitutional claims in a previous habeas petition. *Id.* at 530–31. On the other hand, contentions that a fraud on the habeas court took place or that the court erred in making a procedural ruling, which precluded a determination on the merits, are legitimate under Rule 60(b). *Washington*, 653 F.3d at 1063.

1    Even assuming without deciding that Mr. Spears' motion is a legitimate Rule 60(b) motion,

2    it lacks merit. Rule 60(b)(6) is to be "used sparingly as an equitable remedy to prevent manifest

3    injustice and is to be utilized only where extraordinary circumstances prevented a party from taking

4    timely action to prevent or correct an erroneous judgment." *Latshaw v. Trainer Wortham & Co.*,

5    452 F.3d 1097, 1103 (9th Cir. 2006). "Such circumstances will rarely occur in the habeas context."

6    *Gonzalez*, 545 U.S. at 535. Mr. Spears falls far short of showing the exceptional circumstances

7    required to trigger relief from judgment under Rule 60(b)(6).

8    First, he identifies no error in the Magistrate Judge's original analysis or conclusion that

9    he was not entitled to have an attorney appointed during his federal habeas proceeding; he merely

10   asserts his disagreement with the decision, which does not entitle him to relief here. Dkt. No. 66

11   at 5; *see also, e.g.*, *Brault v. Trans Union, LLC*, No. GJH-18-3244, 2019 WL 7293396, at *4 (D.

12   Md. Dec. 27, 2019) ("mere disagreement with a court's legal analysis does not justify

13   extraordinary relief under Rule 60(b)(6)'s catchall provision." (quotation marks omitted)).

14   Second, Mr. Spears asserts that the Court applied the wrong standard when deciding

15   whether to hold an evidentiary hearing, citing *Townsend v. Sain*, 372 U.S. 293 (1963) as the correct

16   standard. Dkt. No. 66 at 5. Under *Townsend*, "a federal court must grant an evidentiary hearing to

17   a habeas applicant" where, as Mr. Spears contends happened here, "the state trier of fact did not

18   afford the habeas applicant a full and fair fact hearing." 372 U.S. at 313; Dkt. No. 66 at 5. But

19   *Townsend* was overruled in relevant part by *Keeney v. Tamayo-Reyes*, 504 U.S. 1, 9 (1992), which

20   itself was largely displaced by AEDPA's "more stringent requirements" codified at 28 U.S.C.

21   § 2254(e)(2). *See Shinn v. Ramirez*, 596 U.S. 366, 381 (2022). Under the current scheme, even

22   where Section 2254(e)(2)'s requirements are satisfied, "a federal habeas court still is not *required*

23   to hold a hearing or take any evidence." *Id.* The Court correctly followed applicable law in denying

24   Mr. Spears' request for an evidentiary hearing. Dkt. No. 49 at 7–8; Dkt. No. 52 at 7.

### III.  CONCLUSION

For the reasons explained above, the Court DENIES Mr. Spears' Motion to Reopen the

Case. Dkt. No. 66.

Dated this 18th day of November, 2024.


Lauren King
United States District Judge

ORDER DENYING MOTION TO REOPEN CASE - 8